IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE SWYGERT,

    Petitioner,                     No. CIV S-07-1797 MCE GGH P

    vs.

SUE HUBBARD, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

    _____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1988 petitioner was convicted of second degree murder and sentenced to 15 years to life. The instant petition challenges the Governor's decision reversing the 2006 decision by the California Board of Parole Hearings (BPH) finding petitioner suitable for parole.

        Pending before the court is respondent's October 15, 2007, motion to dismiss for failure to exhaust. After carefully reviewing the record, the court recommends that respondent's motion be denied.

/////

/////

1

## II. Legal Standard

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

## III. Discussion

On July 18, 2007, the California Supreme Court denied petitioner's state habeas corpus petition raising the claims raised in the instant action by order citing People v. Duvall, 9 Cal. 4th 46, 474 (1995). Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474.

In the instant case, petitioner attached copies of the relevant documentary evidence to his petition filed in the California Supreme Court. Motion to Dismiss, Exhibit C. Accordingly, the Duvall citation must stand for the proposition that the claims were not plead with sufficient particularity.

Respondent argues that the citation to Duvall demonstrates that the claims are not exhausted because they have not been properly presented to the California Supreme Court.

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949). Like

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity.  In Kim v. Villalobos, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e. lack of particularity, could be cured in a renewed petition.  799 F.3d at 1319.

However, in Kim v. Villalobos, the Ninth Circuit also stated that it was "incumbent" of the court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court.  Id at 1320.  "The mere citation of In re Swain does not preclude such review." Id.

Because Swain and Duvall stand for the same proposition, pursuant to Kim v. Villalobos the court will review petitioner's habeas petition filed in the California Supreme to determine whether his claims were fairly presented.

The first paragraph of petitioner's statement of claim states that he is challenging the Governor's decision to reverse the decision of the BPH finding him unsuitable for parole. Motion to Dismiss, Exhibit 3, p. 7.  Petitioner goes on to cite the case of In re Wen Lee, in which the California Supreme Court ordered the Governor to show cause why he did not abuse his discretion in reversing the BPH decision finding Wen Lee suitable.  Id., p. 8.  Petitioner argues that his case is similar to that of Wen Lee's.  Id.

Petitioner goes on to argue that the Governor did not consider that he had improved himself through education and had received supportive psychological evaluations.  Id., p. 10.  Petitioner argues that the Governor ignored his exemplary disciplinary record.  Id. Petitioner also argues that the Governor improperly relied on the unchanging factors surrounding his commitment offense.  Id.

Petitioner's claims raised in the habeas corpus petition filed in the California Supreme Court challenging the Governor's decision reversing the suitability finding of the BPH are clear to this court.  Because they have been pled with sufficient particularity, this court finds


that petitioner has fairly presented his claims to the California Supreme Court. Because his claims are exhausted, respondent's motion to dismiss should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's October 15, 2007, motion to dismiss be denied and respondent be ordered to file an answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/29/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

swy1797.mtd