UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE SWYGERT, | 2:07–CV–01797–NRS |
| Petitioner, | |
| | ORDER |
| v. | |
| SUE HUBBARD, et al.., | |
| Respondent. | |

  Petitioner Swygert is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Swygert challenges the Governor's decision reversing the 2006 decision by the California Board of Parole Hearings (BPH) finding him suitable for parole. On June 30, 2010, Respondent, Sue Hubbard, filed a motion to dismiss the petition as moot, based upon Swygert's recent release to parole on June 1, 2010.

  Attached to its motion to dismiss, the government submitted exhibits establishing that Swygert was released on June 1, 2010 from the term of imprisonment that was the subject of his petition. The government also attached a

transcript of Swygert's state court sentencing hearing, wherein the court sentenced Swygert to a life term of parole, following his release from prison.

A prisoner who files a petition challenging denial of parole—who is then paroled before his petition can be ruled upon—must demonstrate that there exist continuing "collateral consequences" of the challenged decision, in order to satisfy the Constitution's case-or-controversy requirement. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998). While some challenges create a presumption of collateral consequences (such as the challenge to the validity of a conviction), Swygert's challenge does not enjoy such a presumption. *Cf. Id.* at 12–14.

Finding no such presumption, this court invited Swygert to file a response, explaining the continuing collateral consequences existing in this case. He declined the court's invitation.

Accordingly, IT IS HEREBY ORDERED that Swygert's Petition for Writ of Habeas Corpus is DISMISSED.

DATED: **August 13, 2010**

_____
Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge